IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          OPINION AND ORDER

                Plaintiff,

                                                          07-cr-139-bbc

     v.

MAURICE BOWMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Maurice Bowman has filed objections to the report and recommendation entered by United States Magistrate Judge Stephen L. Crocker on October 27, 2008, in which he recommended denial of defendant's motion to suppress the evidence seized in a search of an apartment at 5834 Russett Road, Madison, Wisconsin. I conclude that the magistrate judge reached the right conclusion on the motion and I will adopt his recommendation.

     The background facts of the search are these: on October 2, 2007, the police arrested one Terrill Banks on a drug charge. Banks told the police that his source was defendant and that defendant kept his drugs at an apartment rented by the mother of one of defendant's children at 5834 Russett Road in Madison. Banks did not know the name of the woman,

1

but recognized her from a picture of Katrice Etchin that the police showed him. He told the police that defendant did not live at the apartment but stored his drugs there and went there for sales. Banks showed police the building; he identified a mug shot of defendant; and he gave details about the places in the apartment where defendant had been known to keep drugs. A records check showed that defendant was the subject of two arrest warrants for non-support; on one, the petitioner was Katrice Etchin and her address was shown as Russett Road.

The police went to the Russett Road address late in the evening on October 2, in the hopes of obtaining consent from Etchin to search the apartment. When the consent was not forthcoming, they entered the apartment and secured it until a search warrant could be obtained. At 11:30 that evening, Banks called defendant at the request of the police in an effort to persuade him to go to Etchin's apartment to sell Banks some crack cocaine. Defendant refused.

The magistrate judge found that defendant had an expectation of privacy in the apartment but that the police acted lawfully when they entered it over Etchin's objections to secure it pending the issuance of a search warrant. This conclusion is well supported by the holding in Segura v. United States, 468 U.S. 796, 810 (1984) (when probable cause exists, it is not Fourth Amendment violation to secure building to prevent destruction or removal of contents while search warrant is being sought).

2

In his objections, defendant seems at first to be arguing that no exigent circumstances justified the securing of the building.  It becomes clear, however, that in fact, he hinges his argument on the alleged lack of probable cause for the search.  As he says, "the lynchpin of a lawful Segura intrusion is that the police already had probable cause.  In this matter, the police did not."  Rep. & Rec., dkt. #134, at 4.  In his view, the state judge did not have probable cause to issue the warrant because the information supplied by Banks was unreliable.

Defendant takes issue with the relevance of the cases cited by the magistrate judge.  Without getting into a discussion of those cases, I am satisfied that the state court judge had sufficient information before him to find that probable cause existed for the issuance of a search warrant.  He did not need to have Banks in front of him to assess his credibility.  As the magistrate judge noted, Banks provided sufficient detail to ease any concern the state judge might have had about his lack of a proven track record.  Banks knew defendant's relationship with Etchin, his use of Etchin's apartment for drug deals, the amount of crack that had been there when he was present two days earlier and the fact that defendant kept crack in a Crown Royal bag.  Moreover, this information was corroborated by the review of court records that disclosed Etchin's address, as well as her relationship with defendant, by Banks's ability to identify pictures of Etchin and Bowman and by Banks's identification of Etchin's apartment, which was confirmed when officers went to the apartment and found

3

Etchin there.

Banks's initial misstatements to the police and his desire to help himself do not change my opinion that probable cause existed. The police recognized Banks's confabulation for what it was; when he began giving information that seemed to have substance to it, they followed it up and confirmed much of it. The telephone call to defendant is equally unhelpful to defendant. As the magistrate judge found, it lends credibility to Banks's statements, showing that he knew defendant, that defendant was familiar with the Russett Road apartment and that he was disinclined to leave his girlfriend to drive over to the apartment to make a drug sale.

ORDER

IT IS ORDERED that the recommendation of the United States Magistrate Judge is ADOPTED and defendant Maurice Bowman's motion to suppress evidence is DENIED.

Entered this 28th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4